**ALVIN W. BROWN, as legitimate father of DIANE BROWN, an infant, Plaintiff**

**v.**

**EMILIO MOJICA, Defendant**

Civil No. 677-1967

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

September 29, 1967

JOHN W. NEWMAN, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for plaintiff*

ALPHONSO CHRISTIAN, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for defendant*

HOFFMAN, *Municipal Judge*

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

This matter came on for trial on September 26, 1967. The father of Diane Brown, Alvin W. Brown, brought the action in her behalf and was represented by John W. Newman, Esq. The defendant was represented by Alphonso Christian, Esq.

Plaintiff sought judgment in the amount of $5,000.00, for pain and suffering resulting from a cut on the head sustained by the child and occasioned by a falling piece of concrete block knocked down from the second story of a building where the defendant's workmen were engaged in construction. The defendant raised issues of contributory negligence and assumption of risk. He also sought to minimize the extent of the injury and resulting trauma.

It appeared that the child was proceeding up an alley to a shoemaker shop located to the rear of the building where the construction was in progress. While the defendant had posted a sign indicating that construction was in progress, it further appeared that the alley was a common means of access to the shop and that even during the construction it was used for that purpose. The child testified that she knew construction was in progress and had looked up toward the second story as she proceeded along the alley. She further testified that she saw no one on the building at that time.

The Court makes the following:

## FINDINGS OF FACT

1. A piece of concrete block struck the child, Diane Brown, on the head, causing an approximate one-inch laceration of the scalp.

2. The piece of concrete block was knocked from the second floor of the building by one of the defendant's workmen.

3. The child suffered bleeding and pain for a period immediately after the blow, and required medical treatment consisting of three sutures and a shot of tetanus toxoid.

4. No special expenses were sustained by or in behalf of the child.

5. The child still suffers occasional irritation in the area of the wound when her hair is brushed and combed.

6. The injury occurred on October 14, 1965.

## CONCLUSIONS OF LAW

1. The child was not contributorily negligent in using the alley as a passage to the shoemaker's shop, nor did she assume the risk of injury in so doing.

2. The falling piece of concrete block was occasioned by the negligence of the defendant's workmen.

3. The negligence of defendant's workmen was the sole proximate cause of the injury sustained by the child.

4. The defendant is legally responsible for the negligence of his workmen in this connection.

5. Reasonable compensation for the pain, suffering, and trauma suffered by Diane Brown is $600.00.

## JUDGMENT

It is, therefore, ORDERED, ADJUDGED and DECREED that judgment be entered in favor of Alvin W. Brown, legitimate and natural father of Diane Brown, in

the amount of $600.00, in trust however, for the use and benefit of Diane Brown. Alvin W. Brown shall deposit and account for said trust funds in accordance with applicable law. Costs of $7.00, plus attorney's fee of $150.00, are additionally hereby awarded.